IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02400-LTB

THOMAS CLAIBORNE,

    Applicant,

v.

THE COUNTY OF DENVER, COLORADO,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

At issue is Applicant Thomas Claiborne's Motion to Re-Open Case, ECF No. 11, filed on November 28, 2012.  The Court must construe the Motion liberally because Mr. Claiborne is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the Motion as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  This case was dismissed on November 28, 2011, because Mr. Claiborne failed to comply with the Court's order to submit his claims on a proper Court-

approved form. A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). Mr. Claiborne's Motion was filed a year after the Court's Order of Dismissal was entered on November 28, 2011. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Claiborne fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

In the Motion to Reconsider, Mr. Claiborne asserts that the action should be reopened because he was denied a proper defense and as a result was improperly sentenced. Mr. Claiborne does not address why he failed to comply with the Court's order to cure deficiencies, which was the reason for the dismissal. The Motion to Reconsider, therefore, will be denied. Mr. Claiborne is reminded that the action was dismissed without prejudice and he may file a new action is he so desires. Accordingly, it is

ORDERED that the Motion to Re-Open Case, ECF No. 11, filed on November 28, 2012, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that the Motion and Order for Free Transcripts and Discovery, ECF No. 12, is denied as moot.

DATED at Denver, Colorado, this 10th day of December, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court